### NORWOOD v. MODEL BUILDING ASSOCIATION ET AL.

1. SIDEWALK ASSESSMENT—LIMITATIONS THEREON.

Assessment for sidewalks constructed under the provision of Secs. 2334a, 2334b, 2334c, Rev. Stat. passed April 2, 1889, 86 O. L., 175, known as the "Richardson law," on lots abutting such improvements, for the one-half of the cost thereof, is limited in amount by Secs. 2271, 2283 Rev. Stat.

2. RULE APPLIED.

A corner lot in the village of Norwood, which had within five years next preceding the construction of a sidewalk, been assessed for the improvement of the two streets upon which the lot abuts, for more than twenty-five per cent. of the value thereof, after such improvement had been computed, cannot be made liable for an additional assessment under the provision of the "Richardson law."

HEARD ON ERROR.

*W. E. Bundy*, for plaintiff in error.
*A. C. Shattuck*, for defendant in error.

SMITH, J.

The question presented to us by counsel is this: Whether when sidewalks are constructed under the provisions of Sec. 2334a, 2334b, and

2334c, Rev. Stat., known as the "Richardson law," passed April 2, 1889, 86 O. L. 175, assessment therefor on the lots abutting such improvement for the one-half of the cost thereof is limited in amount by the provisions of Secs. 2271 and 2283 Rev. Stat., that is, whether the case of a corner lot in the village of Norwood, which had within the five years next preceding the construction of this particular sidewalk been assessed, for the improvement of the two streets upon which the lot abuts, for more than twenty-five per cent. of the value thereof after such improvement had been completed, could be made liable for an additional assessment for the construction of such sidewalk under the provision of the "Richardson law."

We are of the opinion that it can not legally be so assessed. By Secs. 2271 and 2283, Rev. Stat., the general assembly, in providing for the assessment of property in municipal corporations for improvements for public purposes, has undertaken to discharge the duty imposed upon it by Sec. 6, Art. 13, of the constitution, viz., to restrict the power of taxation and assessment by cities and incorporated villages, so to prevent the abuse of such power. Sections 2334a, 2334b, and 2334c, Rev. Stat., appear in the same subdivision with Secs. 2271 and 2283, Rev. Stat., under the general head of assessments; and though they contain no reference to the limitation of twenty-five per cent., yet as there is nothing anywhere to show that this limittion does not apply to improvements of sidewalks, it must be held that such limitation applies to such improvements, as to those made under the other sections of the law. They are, in fact, improvements of the street as much as those made in the driveway, and so far as we can see there is the same reason and necessity for the limitation of the amount of an assessment for improving the one as the other.

It is very questionable whether the question is properly raised by the record. We do not understand that the judgment of the court in the case was one in which, under the provisions of Sec. 5205, Rev. Stat., the conclusions of fact have been found separately from the conclusions of law ; and there was no bill of exceptions containing the evidence or the agreed statement of facts. But we have not placed the decision of the court upon this ground, but have decided the question argued as if it was properly raised. The judgment of the common pleas will be affirmed.